IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00226-RJC
(3:11-cr-00111-RJC-DSC-2)

| | |
|---|---|
| NICHOLAS LOWERY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of the Respondent's motion to stay disposition of this collateral proceeding which is filed pursuant to 28 U.S.C. § 2255. (Doc. No. 3).

On December 15, 2011, Petitioner was convicted on one count of conspiracy to interfere with commerce by threats or violence, in violation of 18 U.S.C. § 1951(a) (Count 1); one count of conspiracy to use or carry a firearm during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(o) (Count 3), and one count of conspiracy to distribute and possess with intent to distribute at least 5 kg of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) (Count 2). Petitioner was sentenced to concurrent terms of 168-months in prison and his judgment was affirmed on appeal.

In his § 2255 motion, Petitioner contends, among other things, that his conviction on Count 3 should be vacated because it no longer services as a predicate "crime of violence" to support his conviction on the Hobbs Act robbery charged in Count 1. (3:16-cv-00226, Doc. No. 1-1: Petitioner's Mem. at 4). Petitioner relies on the Supreme Court's decision in United States v.

1

Johnson, 135 S. Ct. 2551 (2015), in which the Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after concluding that it was unconstitutionally vague.[1]

Respondent moves for a 45-day extension from the date the Fourth Circuit issues its mandate in the cases of United States v. Ali, No. 15-4433, and United States v. Simms, No. 15-4640, in order to file a response Petitioner's Motion to Vacate. Respondent contends that the issue of whether the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutional in light of Johnson is presented in the Ali and Simms cases. Both of these cases are tentatively scheduled for oral argument in October.

The Court finds that because the issues involved in the Ali and Simms case are likely relevant to resolution of Petitioner's case, the Court will grant Respondent's motion.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay is **GRANTED**, (Doc. No. 3), and Respondent shall have 45-days after the mandates issue in United States v. Ali and United States v. Simms to file a response to Petitioner's § 2255 Motion to Vacate.

**SO ORDERED**.

Signed: September 6, 2016

Robert J. Conrad, Jr.
United States District Judge

---

[1] The residual clause of the ACCA provides, in pertinent part, that a "violent felony" is a crime that "involves conduct that presents a serious risk of physical injury to another." Id. § 924(e)(2)(B)(ii).