# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-226-RJC
# (3:11-cr-111-RJC-DSC-2)

| | |
|---|---|
| **NICHOLAS LOWERY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Letter, (Doc. No. 16), that was docketed as a Motion for Reconsideration.

Petitioner filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 in the instant case on April 20, 2016, seeking relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. No. 1). This case was stayed for several years while relevant case law developed. The stay was lifted following the United States Supreme Court's issuance of United States v. Davis, 139 S. Ct. 2319 (2019). On June 26, 2020, the Government filed a Motion to Dismiss Petitioner's § 2255 Motion to Vacate. (Doc. No. 12). Petitioner was informed of the applicable legal standard and was provided the opportunity to respond by September 8, 2020. (Doc. No. 13).

Petitioner requested the appointment of counsel and an extension of time within which to respond to the Government's Motion to Dismiss because he lacked access to resources due to the COVID-19 virus. (Doc. No. 14). The Court denied the Petitioner's request for the appointment of counsel but granted an extension of time within which to respond to the Motion to Dismiss until October 8, 2020. (Doc. No. 15).

1

In his present Motion, Petitioner again requests the appointment of counsel and an extension of time to respond to the Motion to Dismiss. Petitioner argues that he does not have a typewriter, law library, or the assistance of a jailhouse lawyer, that he has spent time in quarantine, and that he has extremely limited time outside of his cell.

Petitioner has again failed to demonstrate that the appointment of counsel is warranted and, therefore, his request for the appointment of counsel and/or reconsideration of the prior denial of counsel will be denied. <u>See</u> (Doc. No. 15); <u>see</u> generally <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987) (no constitutional right to the appointment of counsel in a § 2255 proceeding).

Petitioner's allegation that he currently lacks access to a law library does, however, constitute good cause to extend the time in which to respond to the Government's Motion to Dismiss. Therefore, Petitioner's request for additional time to respond to the Motion to Dismiss will be granted until **December 8, 2020**.

**IT IS HEREBY ORDERED** that Petitioner's Motion, (Doc. No. 16), is **GRANTED** in part and **DENIED** in part as stated in this Order.

Signed: November 10, 2020

Robert J. Conrad, Jr.
United States District Judge