NICHOLAS LOWERY,                          )
                                          )
                    Petitioner,           )
                                          )
vs.                                       )                    ORDER
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
                    Respondent.           )
_____   )

**THIS MATTER** is before the Court on the Government's Response, (Doc. No. 20), to the Court's January 29, 2021 Order, (Doc. No. 19).

Petitioner filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), raising claims including a challenge pursuant to <u>Johnson v. United States</u>, 576 U.S. 591 (2015). Specifically, Petitioner argues that his conviction for conspiracy to use or carry a firearm in furtherance of a crime of violence and drug trafficking offense in violation of 18 U.S.C. § 924(o) is invalid because one of the two charged predicate offenses – conspiracy to commit Hobbs Act robbery – is not a crime of violence. The Government filed a Motion to Dismiss arguing *inter alia* that the <u>Johnson</u> challenge is procedurally defaulted and meritless. (Doc. No. 12). Petitioner did not respond to the Motion to Dismiss.

Subsequent to the Government's filing of the Motion to Dismiss, the Fourth Circuit Court of Appeals issued <u>United States v. Runyon</u>, 983 F.3d 716 (4th Cir. 2020). The Fourth Circuit states in <u>Runyon</u> that, in the absence of a special verdict form, it was required to assume that Runyon could have been convicted of violating § 924(c) by the jury's reliance on either of two predicate

1

offenses and "if one predicate offense does not qualify, we would be required to vacate the conviction." Id. at 725.

On January 29, 2021, the Court ordered the Government to address why the § 2255 Motion to Vacate should not be granted based on Runyon.[1]

The Government has filed a Response asking the Court to hold the instant case in abeyance because a petition for limited panel rehearing has been filed in Runyon.[2] The Government notes that Petitioner is scheduled to be released from prison on February 13, 2021, but that his sentence would not be shortened even if Petitioner were to obtain § 2255 relief on the one offense he is challenging. See (Doc. No. 20 at 2). The Government asks the Court to stay these proceedings until the mandate in Runyon is issued.

The Court finds that a stay of these proceedings is in the interest of justice and judicial economy. Further, the pending Motion to Dismiss will be denied as moot and the Government will be required to file a superseding answer, motion, or other response to the § 2255 Motion to Vacate within 21 days after the mandate in Runyon is issued.

**IT IS, THEREFORE, ORDERED** that:

1.    The Government's Response, (Doc. No. 20), is construed as a Motion to Stay and is **GRANTED**.

2.    The Motion to Dismiss, (Doc. No. 12), is **DENIED** as moot.

3.    This case is held in abeyance pending the Fourth Circuit's issuance of a mandate in

---

[1] The Court granted Petitioner 14 days within which to reply to the Government's Response regarding the Runyon. That period is now moot, as the Court finds that a stay is appropriate until after the mandate in Runyon is issued.

[2] On January 5, 2021, the United States has filed a petition for limited panel rehearing asking the Fourth Circuit, *inter alia*, to remove the statement that "if one predicate offense does not qualify, we would be required to vacate the conviction" from its opinion. Fourth Cir. Case No. 17-5, Doc. 106 (Petition for Rehearing); Doc. 108 (Stay of Mandate).

2

United States v. Runyon, 983 F.3d 716 (4ᵗʰ Cir. 2020). The Government shall have **twenty-one** (**21) days** following the Fourth Circuit's issuance of its mandate in Runyon to file an answer, motion, or other response to the § 2255 Motion to Vacate.

Signed: February 3, 2021

Robert J. Conrad, Jr.
United States District Judge