UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-226-RJC
(3:11-cr-111-RJC-DSC-2)

| | |
|---|---|
| NICHOLAS LOWERY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he raises a claim pursuant to Johnson v. United States, 576 U.S. 591 (2015). The Respondent has filed a Motion to Dismiss, (Doc. No. 22).

**I.   BACKGROUND**

Petitioner and co-Defendant Deangelo McLaurin engaged in a conspiracy to rob a drug stash house. The charges pertaining to Petitioner were: Count (1), conspiracy to commit Hobbs Act robbery by threats or violence (18 U.S.C. § 1951(a)); Count (2), conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (21 U.S.C. §§ 846, 841(b)(1)(A)); Count (3), conspiracy to use or carry a firearm in furtherance of a crime of violence and drug trafficking offense, i.e., Counts (1) and (2) (18 U.S.C. § 924(o)); and Count (6), possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)). (3:11-cr-111 ("CR") Doc. No. 9).

A jury found Petitioner guilty of Counts (1) through (3) with a special finding in Count (2) that "five kilograms or more of a mixture and substance containing a detectable amount of cocaine

1

was reasonably foreseeable to [Petitioner]." (CR Doc. No. 75 at 1). Count (6) was dismissed on the Government's Motion. (CR Doc. No. 82).

The Presentence Investigation Report ("PSR") calculated the base offense level as 32 because the cocaine conspiracy involved at least seven kilograms of cocaine pursuant to U.S. Sentencing Guidelines § 2D1.1. (CR Doc. No. 94 at ¶¶ 24, 32). Petitioner had nine criminal history points and a criminal history category of IV. (CR Doc. No. 94 at ¶¶ 56-57). This resulted in an advisory guideline range of 168 to 210 months' imprisonment. (CR Doc. No. 94 at ¶ 111). Defense counsel filed objections to the PSR arguing, *inter alia*, that the offense level should be 24 to reflect a drug amount of between 400 and 500 grams of powdered cocaine. (CR Doc. No. 89).

The Court accepted the PSR without change and sentenced Petitioner at the low end of the advisory range to 168 months' imprisonment for each count, concurrent, followed by a total of five years of supervised release. (CR Doc. Nos. 98, 99); see (CR Doc. No. 149) (October 13, 2016 Order reducing Petitioner's sentence to 135 months' imprisonment pursuant to Amendment 782 of the United States Sentencing Guidelines).

The Petitioner argued in a joint direct appeal that the jury instruction on entrapment was erroneous, and that evidence of prior bad acts was improperly admitted under Rule 404(b) of the Federal Rules of Evidence. The Fourth Circuit Court of Appeals affirmed Petitioner's convictions on August 22, 2014, United States v. McLaurin, 764 F.3d 372 (4th Cir. 2014), and the United States Supreme Court denied certiorari on April 20, 2015, Lowery v. United States, 575 U.S. 962 (2015).

The instant *pro se* § 2255 Motion to Vacate is dated April 20, 2016. (Doc. No. 1-2). However, the Motion to Vacate was returned to Petitioner by the Clerk of Court on April 28, 2016 because it was not signed. See (Doc. No. 1-2). Petitioner then signed the § 2255 Motion to Vacate without updating the April 20, 2016 date, and failed to state the date upon which Petitioner placed

the Motion to Vacate in the prison's mail system. The Motion to Vacate was docketed in this Court on May 9, 2016. (Doc. No. 1). Petitioner appears to argue (renumbered): (1) the § 924(o) conviction in Count (3) should be vacated because Hobbs Act conspiracy is not a predicate crime of violence pursuant to Johnson; (2) trial counsel was ineffective for failing to adequately challenge the drug quantity; and (3) appellate counsel was ineffective for failing to raise Johnson on direct appeal.

This case was stayed for several years while case law pertaining to Johnson developed. (Doc. Nos. 4, 21).

The Government has now filed a Motion to Dismiss arguing that Petitioner's challenge to his § 924(o) conviction is procedurally barred and meritless and that his claims of ineffective assistance of counsel are time-barred and meritless. (Doc. No. 22). On March 15, 2021, the Court informed Petitioner of his right to respond to the Motion to Dismiss pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and cautioned him that the "[f]ailure to file a timely and persuasive response may result in the dismissal of the § 2255 Motion to Vacate." (Doc. No. 23 at 1). The Petitioner has failed to file a Response and the time to do so has now expired.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior

3

proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

**(1) Johnson Claim**

Petitioner argues that his § 924(o)[1] conviction is invalid because the predicate offense of conspiracy to commit Hobbs Act robbery in Count (1) is no longer a valid crime of violence pursuant to Johnson v. United States, 576 U.S. 591 (2015).

In Johnson, the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause[2] is void for vagueness. 576 U.S. at 591; see Welch v. United States, 136 S.Ct. 1257, 1265 (2016) (Johnson is retroactively applicable on collateral review). In United States v. Davis, 139 S.Ct. 2319 (2019), the United States Supreme Court held that the residual clause in § 924(c)[3] is likewise void for vagueness. The Fourth Circuit has held, pursuant

---

[1] Section 924(o) makes it unlawful for any person to conspire to commit an offense under 18 U.S.C. § 924(c). Section 924(c), in turn, makes it an offense to use or carry a firearm, or to possess a firearm in furtherance of, a drug trafficking crime or crime of violence.

[2] ACCA defines a "violent felony" as any felony that:

>   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>   (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

[3] A "crime of violence" under § 924(c) means an offense that is a felony and:

>   (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

4

to Johnson, that conspiracy to commit Hobbs Act robbery is no longer a predicate crime of violence for purposes of § 924(c). United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019) (*en banc*), *cert. denied* 140 S.Ct. 304 (2019).

As a preliminary matter, Petitioner's challenge to his § 924(o) conviction is procedurally defaulted from § 2255 review. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). With regards to cause and prejudice, a petitioner must demonstrate: (1) the existence of cause for a procedural default that turns on something external to the defense; and (2) actual prejudice resulting from the errors of which he complains. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.

---

18 U.S.C.A. § 924(c)(3). Section 924(c)(3)(B) is referred to as the residual clause.

5

Case 3:16-cv-00226-RJC   Document 24   Filed 03/31/21   Page 5 of 12

Petitioner failed to argue on direct appeal that Hobbs Act conspiracy is not a valid predicate for his § 924(o) conviction. Petitioner has not filed a Response to the Government's Motion to Dismiss and thus has not attempted to demonstrate cause and prejudice or actual innocence. Therefore, this claim is procedurally defaulted from § 2255 review and will be dismissed.

Even if this claim were not procedurally defaulted from § 2255 review, it would be denied on the merits. Petitioner was charged with violating § 924(o) based on the predicate offenses of Hobbs Act conspiracy in Count (1) and conspiracy to possess with intent to distribute cocaine in Count (2). The jury found Petitioner guilty of both of these predicate offenses. Although the Hobbs Act conspiracy predicate in Count (1) no longer qualifies as a crime of violence pursuant to Simms, conspiracy to possess with intent to distribute cocaine in Count (2) remains a valid drug trafficking predicate. See, e.g., United States v. Steward, 793 F. App'x 188, 190 (4th Cir. 2019) (finding that the court's plain error in instructing the jury that Hobbs Act conspiracy is a crime of violence under § 924(c) did not affect the defendant's substantial rights because the defendant was also convicted of Hobbs Act robbery, which had also been charged as a § 924(c) predicate), *cert. denied*, Steward v. United States, 141 S.Ct. 167 (2020). Therefore, Johnson's invalidation of Hobbs Act conspiracy as a predicate crime of violence is harmless and Petitioner's § 924(o) conviction remains valid.[4] See Cruse v. United States, 2020 WL 1042244 (W.D.N.C. March 3, 2020) (rejecting a Johnson challenge to a § 924(c) conviction that was based on Hobbs Act conspiracy as well as drug trafficking conspiracy). Petitioner's Johnson claim therefore fails on the merits.

Based on the foregoing, Petitioner's challenge to his § 924(o) conviction claim will be dismissed as procedurally defaulted and, alternatively, denied on the merits.

---

[4] In United States v. Runyon, No. 17-5 (4th Cir. Feb. 12, 2021), the Fourth Circuit stated in *dicta* that "if one predicate offense does not qualify [as a crime of violence], we would be required to vacate." However, that sentence was deleted on panel rehearing. See United States v. Runyon, 983 F.3d 716, 725 (4th Cir. 2021) (as amended).

**(2)-(3) Ineffective Assistance of Counsel Claims**

Petitioner contends that trial counsel was ineffective for failing to challenge the drug quantity and that appellate counsel was ineffective for failing to raise Johnson on direct appeal.

As a preliminary matter, these claims are time-barred. A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Pursuant to the prisoner mailbox rule, a paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule). Timely filing may be shown by a declaration or notarized statement which "must set forth the date of deposit and state that first-class postage has been prepaid." Rule 3(d), 28 U.S.C.A. foll. § 2255.

Petitioner's conviction became final when the Supreme Court denied certiorari on April 20, 2015. See Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (quoting Clay v. United States, 537 U.S. 522, 532 (2003)). Petitioner's § 2255 Motion to Vacate is dated April 20, 2016, but Petitioner does not receive the benefit of the prisoner mailbox rule because he failed to state the date upon which he deposited his Motion to Vacate it in the prison's mail system. See Rule 3(d), 28 U.S.C.A. foll. § 2255. The § 2255 Motion to Vacate was docketed on May 9, 2016, more than one year after

7

his conviction and sentence became final, and Petitioner has failed to demonstrate that any exception applies. Petitioner's ineffective assistance of counsel claims will therefore be dismissed with prejudice as time-barred.

Even if the Petitioner's ineffective assistance of counsel claims were not time-barred, they would be denied on the merits. The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), *vacated on other grounds*, 218 F.3d 310 (4th Cir. 2000). The right to the effective assistance of counsel extends to a direct appeal. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (*en banc*). In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, a petitioner must normally demonstrate both deficient performance and prejudice, meaning that there is a reasonable

probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.

Petitioner contends that trial counsel was ineffective for failing to adequately challenge the drug amount. Petitioner appears to argue that the jury attributed five kilograms or more of cocaine to the conspiracy as a whole but failed to identify the amount attributable to Petitioner.

This claim is conclusively refuted by the record in that the jury specifically found that the amount of drugs reasonably foreseeable to Petitioner was five kilograms or more of a mixture and substance containing a detectable amount of cocaine. (CR Doc. No. 75). The Court notes that the PSR included a drug amount of seven kilograms for Count (2), but the two-kilogram difference between the jury's finding and the amount in the PSR is irrelevant because the same offense level of 32 would have applied to the five-kilogram amount found by the jury. See (CR Doc. No. 94 at ¶ 24); U.S.S.G. § 2D1.1(c)(4) (base offense level of 32 for offenses involving "[a]t least 5 KG but less than 15 KG of Cocaine") (2011). Further, counsel did object to the PSR's drug amount with regards to Count (2), but the Court overruled the objection. See (CR Doc. No. 99) (Statement of Reasons). Petitioner has failed to identify different or additional arguments that reasonable counsel should have presented with regards to the drug amount that had a reasonable probability of affecting his conviction or sentence. See generally United States v. Dyess, 730 F.3d 354 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court).

As to appellate counsel, Petitioner contends that counsel failed to raise a Johnson claim on direct appeal. This claim is meritless because Petitioner's conviction was affirmed on direct appeal on August 22, 2014 and certiorari was denied on April 20, 2015, before Johnson was issued on June 26, 2015. See McLaurin, 95 F.3d at 272; Lowery, 575 U.S. at 962. Appellate counsel cannot

be deemed ineffective for failing to raise Johnson on direct appeal when that case had not yet been issued. Moreover, Petitioner cannot establish prejudice because his Johnson challenge to the § 924(o) conviction is meritless. See Section (1), *supra*.

Therefore, Petitioner's claim of ineffective assistance of trial and appellate counsel will be dismissed with prejudice as time-barred and, alternatively, denied on the merits.

**(4)** **Lack of Prosecution**

Finally, it appears that the Petitioner has abandoned this action. Court mail to the Petitioner's address of record was returned as undeliverable in December 2020 because the Petitioner failed to inform the Court that he had been transferred from FCI Yazoo City to RRM Raleigh. See (Doc. No. 18). The Court forwarded Petitioner's mail to him at RRM Raleigh and, on January 29, 2021, notified him that it is his responsibility to keep the Court informed of his current address at all times and cautioned him that "failure to do so may result in this action's dismissal for lack of prosecution." (Doc. No. 19 at 2). The Federal Bureau of Prisons' website now indicates that the Petitioner was released from custody on February 12, 2021. See https://www.bop.gov/inmateloc/; Fed. R. Ev. 201. He has not provided the Court with his current address.

The Petitioner's failure to comply with the Court's January 29, 2021 Order and apprise the Court of his current address warrants dismissal of this case for lack of prosecution. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 631-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, a district court has the inherent power to dismiss a case for lack of prosecution or

violation of a court order); see, e.g., Robinson v. North Carolina, 764 F. App'x 339 (4th Cir. 2019) (affirming the dismissal without prejudice of a § 2241 petition for failure to comply with an order).

Therefore, if the Government's Motion to Dismiss were not being granted, Court would dismiss this action for lack of prosecution and for failure to comply with its January 29, 2021 Order.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss and deny Petitioner's § 2255 Motion to Vacate and will grant the Respondent's Motion to Dismiss.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice and **DENIED**. Alternatively, this action is **DISMISSED** for lack of prosecution and for failure to comply with the Court's January 29, 2021 Order.

2. The Government's Motion to Dismiss, (Doc. No. 22), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: March 31, 2021

Robert J. Conrad, Jr.
United States District Judge